Your Honor, I believe that the clerk is being given information at this time with regard to the counsel for Mr. Kachatryan. Yeah, he just says he's no longer the attorney. Apparently we have some new information here. Yeah. Oh, it's another case. Sorry. It appears that the individual who wrote the brief is no longer the attorney of record and actually is no longer allowed to practice law. His phone number is disconnected for the obvious reason that he doesn't have a law office anymore. And the individual who is listed on the docket as the current attorney of record has no idea, says he has not represented this individual since 2010, did not receive an acknowledgement of hearing form, and knows nothing about the fact that there is an oral argument today and no longer represents Mr. Kachatryan. Would the government object if we submitted this matter on the briefs? Not at all, Your Honor. That's fine. You came out here all the way. He's got another case, though. You have another case today. I do. So you'll have the opportunity to beat me up on that one, Your Honor. All right. We'll look forward to it. I don't think anybody would mind if we submitted this first one on the briefs as well. Is there any objection that can be settled? Well, you know, that's the kind of representation people get in these immigration matters. It's loaded with notorios, crooked lawyers, disbarred lawyers. Justice Department knows about it, right? In some cases, Your Honor, I wouldn't want to prejudice counsel for the next case. I think, you know, it's a big problem. Yes, Your Honor. And yet the Justice Department doesn't do anything about it. It's a huge fraud. Need to get after those people. They're ruining a lot of lives, hurting a lot of people, taking a lot of money. I don't want to defend counsel in this case, but it's not a bad brief. What? Maybe we could ask him one question on this case. Let's ask him one question. Let me just ask you this. Do you think there was a – was there an adverse credibility determination made in this case by the I.J.? Not that I believe so. I don't believe so, Your Honor. Well, what the I.J. said in the original, the immigration judge who wrote the first order before was remanded. Yes. The I.J. did not make an adverse credibility finding, but found that Mr. K. was delusional, had a lot of mental problems, so that she could not accept what he was saying as – There was no showing in the record that that had affected his ability to be truthful, though, was it? No. That's why I don't think there was an adverse credibility determination. Right. But it was because of – I guess she didn't think she could rely on his representations because of his mental state. Well, that's the – now that – now that the judge has asked the question, that's the difficult part of this case for me. Had the I.J. said, I don't believe what you're saying because you've got this history of mental illness, it would be a pretty easy case for us. But I take it what you're saying is that we – the I.J. did not find that Mr. K.'s statement that he was raped and what the rapist said at the time was not credible. I don't believe there's a specific adverse credibility finding. So that we have to – we have to treat that testimony as credible. It's an unusual situation. I've never had an – I've never seen an immigration judge make the finding that the individual was not – That's why we're both asking the question. Right. It's a strange case because the immigration judge says this man has – there's evidence in front of me that this man has psychiatric problems, he's delusional, he hears voices, but she doesn't say, and therefore I don't accept as credible his testimony. Well, if it would make your life easier, I think you can consider it adverse, an adverse credibility finding. I'm just joking, Your Honor. I was trying to think of other ways you can make my life easier. That's my job, Your Honor. That would be highest on my list. That's not what our case law says. Well, this was before there was a – I think before case laws had to be a specific adverse credibility determination, so you could find that. You're right. Okay. That's all I have. That's the only question I have. This is the guy who was 7th day advertising. Yes. That was the only question I had because that was the only major. All right. We can submit this. Submit it. Submit it. Thank you, Your Honor. Thank you, counsel.
judges: Pregerson, Paez, Hurwitz